[No. 9488.   Department One.   August 16, 1911.]

GRINNELL COMPANY, *Respondent*, v. HERBERT SIMPSON, *Appellant*.[1]

BROKERS—COMMISSIONS—PROCURING CAUSE. A broker who procured a purchaser for property ready, able, and willing to buy on the terms fixed, and notified the owner thereof, is entitled to commissions, where the sale was made shortly after, although the deal was closed by another broker, with whom the property was also listed, and through whom the purchaser took up negotiations with the owner.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered November 11, 1910, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

[1]Reported in 117 Pac. 391.

*Graves, Kizer & Graves,* for appellant.
*Cannon, Ferris, Swan & Lally,* for respondent.

PER CURIAM.—This is an action brought to recover a broker's commission. The respondent, the plaintiff below, alleged in its complaint that the appellant, being the owner of a certain tract of land situated near the city of Spokane, entered into a written agreement with the respondent, whereby he authorized the respondent to sell such tract on certain terms and conditions; that within a reasonable time thereafter, and under and pursuant to the terms of the contract, the respondent procured a purchaser for the property upon the conditions named in the agreement, and thereafter the appellant sold the property to the purchaser procured by the respondent; that the respondent was the sole and procuring cause of the sale, but nevertheless the appellant refused to pay the commission. The appellant for answer to the complaint denied that the respondent was the procuring cause of the sale, or that it had anything to do with bringing it about, and pleaded affirmatively a cancellation of the contract with the respondent prior to the sale. A trial was had before the court sitting without a jury, and resulted in findings and a judgment in favor of the respondent. This appeal follows.

The appellant's assignments of error all go to the question of the sufficiency of the evidence to sustain the findings and judgment. We have not thought it necessary, however, to review the evidence in detail. In brief it is made to appear that the appellant listed the property for sale with the respondent and also with certain other real estate brokers, among whom was a Mr. Oppenheimer; that the respondent, through its representative, one McGrory, thereafter found an intending purchaser desiring that character of property, in the person of William Knepp; that McGrory showed Knepp the property, who expressed a liking for it, going so far as to say that he would purchase the property provided

his wife was satisfied with it, and that he would take her out at once to view it; that McGrory on that day or the next met the appellant and told him that he had a purchaser for the property, telling him at the same time the name of the intending purchaser. Shortly thereafter Knepp, meeting with Mr. Oppenheimer on some other business and finding that he also had the property listed for sale, took up negotiations with the owner through him for its purchase, and thereafter concluded the same.

Under these circumstances we think the owner liable to the respondent for his commission. The essential thing required of a broker is that he procure an actual purchaser of the property, or a person who is ready, able and willing to purchase the property on the terms under which the broker has it for sale. If a sale is made he need not, in order to earn his commission, actually make the sale himself. It is enough that he introduce his purchaser to the owner, and the owner, as the proximate result thereof, makes the sale either personally or by another agent to the purchaser thus introduced. Here there is no doubt that the respondent found the purchaser, made him known to the owner, and that the owner sold to the purchaser through another agent, knowing that he was the customer of the respondent. The respondent was the procuring cause of the sale, and the appellant is liable to him for his commission. The judgment is affirmed.